**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| NORTH RIDGE, LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF SARALAND, THE CITY | ) | Civil Action No. CV-17-00475-CG-B |
| OF SARALAND PLANNING | ) | |
| COMMISSION, and Fictitious Defendants A | ) | |
| through F. | ) | |
| | ) | |
|     Defendants. | | |

## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

COMES NOW, Defendants City of Saraland ("City") and the City of Saraland Planning Commission ("Planning Commission") (hereinafter collectively "Defendants") and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, file their Motion to Dismiss Count III of Plaintiff's Amended Complaint for failure to state a claim for which relief can be granted.  In support of this Motion, Defendants state as follows:

## PROCEDURAL HISTORY

1.    Plaintiff filed its original Complaint in the Circuit Court of Mobile County on July 25, 2017.  Defendants were served with the original Complaint on or about July 27, 2017. The original Complaint asserted three claims against Defendants, all of which were brought pursuant to Alabama state law:

        a)    Count One – Declaratory Judgment

        b)    Count Two – Negligence and Money Damages; and

        c)    Count Three – Inverse Condemnation

2.      On August 25, 2017, Defendants filed a Motion to Dismiss Count Three of Plaintiff's original Complaint on the grounds that Alabama state law does not recognize a claim for inverse condemnation under the facts alleged in the original Complaint.  On September 1, 2017, the Circuit Court of Mobile County granted Defendants' Motion to Dismiss.

3.      On September 29, 2017, Plaintiff filed an Amended Complaint asserting a federal claim for inverse condemnation pursuant to the Fifth Amendment and Fourteenth Amendment to the United States Constitution.

4.      Based on the assertion of that federal claim, Defendants removed the case to this Court on October 27, 2017.

## RELEVANT FACTS

5.      Plaintiff is the "owner and developer of approximately 73 acres of land located within the municipal limits" of the City of Saraland (hereinafter the "Property").  Amended Complaint at ¶9.  Plaintiff is developing the property as a Planned Use Development (hereinafter "PUD") in three separate phases.  The PUD is generally known as the Woodlands at Saraland (hereinafter the "Development").  Amended Complaint at ¶10.

6.      Plaintiff first brought the PUD for the Development to the Saraland Planning Commission for approval at the December 8, 2009 meeting of the Defendant Planning Commission.  At that meeting the Planning Commission voted to approve the Development.[1] Amended Complaint at ¶19.

---

[1]     Nothing in this Motion to Dismiss should be construed as an admission of liability on any of the Counts of Plaintiff's Complaint by either the City or Planning Commission.  The City itself is not involved in the approval or disapproval of any subdivision plats and all authority for such approval or disapproval is vested in the Planning Commission.  Nevertheless, this Motion is focused only on the federal claim asserted by Plaintiff against these defendants in Count III of the Amended Complaint.

7.      Plaintiff obtained final plat approval of Phase One of the Development from the Planning Commission on September 14, 2010 and recorded the final plat for Phase One on October 21, 2010.  Amended Complaint at ¶20.

8.      On May 8, 2012, Plaintiff obtained final plat approval for Phase Two of the Development and preliminary plat approval for Phase Three of the Development from the Planning Commission.  On June 15, 2012, Plaintiff recorded the final plat for Phase Two of the Development.  Amended Complaint at ¶21.

9.      Plaintiff failed to begin construction on Phase Three of the Development within one year of the preliminary plat approval.  As a result, the preliminary approval expired as a matter of law.  Amended Complaint at ¶22.

10.     On June 13, 2017, over five years later, Plaintiff submitted the plat of Phase Three of the Development to the Planning Commission for approval.  At that time, the Planning Commission decided to delay a decision on the plat of Phase Three of the Development until the next meeting.  Thereafter, at the July 11, 2017 meeting, the Planning Commission voted to deny approval of the plat of Phase Three of the Development.  This denial forms the basis for Plaintiff's Amended Complaint.  Amended Complaint at ¶23.

11.     Plaintiff's Amended Complaint contains three counts:

  a.      Count One – Declaratory Judgment;
  b.      Count Two – Negligence and Money Damages; and
  c.      Count Three – Inverse Condemnation.

In Count Three, Plaintiff alleges that the "denial of preliminary approval for phase three of the Development takes, injures and destroys North Ridge's property" and that such constitutes an inverse condemnation for which the Defendants are liable.  Amended Complaint at ¶¶ 62-63. Plaintiff further alleges that as a result of the denial of the preliminary plat approval it has lost

the value of 68 lots at approximately $45,000.00/each, plus the cost of installation of sanitary sewer lines and a pump station.  Amended Complaint at ¶64.

12.     As explained below, Plaintiff's federal claim for inverse condemnation is not yet ripe as there has not been a final determination of the validity of the Defendants' actions regarding the denial of the plat for Phase Three of the Development.  Further, Plaintiff has not sufficiently stated a plausible federal claim for inverse condemnation.

## STANDARD OF REVIEW

13.     Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the Defendant fair notice of both the claim and the supporting grounds.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S Ct. 1955, 167 L. Ed. 2d 929 (2007).  In order to survive a Defendant's Rule 12(b)(6) Motion to Dismiss, a Plaintiff's Complaint must include enough "factual allegations to raise a right to relief above the speculative level," and those facts must "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.  A Plaintiff's pleading obligation under the Rules of Civil Procedure "requires more that labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  The Rule 8 pleading standard "demands more than an unadorned the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S Ct. 1937, 173 L. Ed. 2d 868 (2009)(quoting Twombly, 550 U.S. at 555, 127 S Ct. 1955 (2007)).

14.     Rule 12 of the Federal Rules of Civil Procedure permits a party to raise by motion the defense of "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a Rule 12(b)(6) motion to dismiss, a Complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Ashcroft v. Iqbal, 556 U.S. at 678.   "A plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   Id.

15.     "Determining whether a complaint states a plausible claim for relief is a context specific task that requires the reviewing court to draw on its judicial experience and common sense."   Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).   A pleading does not satisfy the requirements of Rule 8 when it merely "leaves open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery."   Bell Atlantic Corp. v. Twombly, 550 U.S. at 561.   "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

16.     "A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth – legal conclusions must be supported by factual allegations".   Randall v. Scott, 610 F. 3d 701, 709-10 (11th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.   Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).   Once the court isolates the factual allegations, "plausibility is the key."   Jacobs v. Tempur-Pedic Int'l, Inc, 626 F.3d 1327, 1333 (11th Cir. 2010).

17.     As outlined above, a complaint cannot survive a Rule 12 motion to dismiss unless it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).  In addition, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim."  Cottone v. Jenne, 326 F. 3d 1352, 1357 (11th Cir. 2003).   "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F. 3d 1182, 1188 (11th Cir. 2002).  Indeed, the court is not bound to accept as true " a legal conclusion couched  as a factual allegation."  Iqbal, 556 U.S. at 678 (citation omitted).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F. 2d 1171, 1174 (11th Cir. 1993).

## **LEGAL ARGUMENT**

### I.    **PLAINTIFF FAILED TO PROPERLY ALLEGE A CLAIM FOR INVERSE CONDEMNATION.**

18.     Count Three of Plaintiff's Amended Complaint purports to allege a federal claim for inverse condemnation against the Defendants.   Specifically, Plaintiff alleges that the Defendants' failure to approve the plat of Phase 3 of the Development "constitutes an inverse condemnation of North Ridge's property for public use without due process and without the payment of just compensation in violation of the Just Compensation Clause of the Fifth Amendment to the United States Constitution, made applicable to the states via the Fourteenth Amendment to the United States Constitution."  Amended Complaint at ¶ 63.

19.     Neither the Fifth Amendment nor the Fourteenth Amendment to the United States Constitution provide for a private right of action.  See, U.S. Const. amend. XIV, § 5 ("The

Congress shall have the power to enforce, by appropriate legislation, the provisions of this article."). Rather, the mode of bringing an action for violations of the Fifth or Fourteenth Amendment is through a claim under 42 U.S.C. § 1983 which allows for a private right of action for those who have been deprived of their federal constitutional rights. See, 42 U.S.C. § 1983. See also, SP Frederica, LLC v. Glynn Cnty, 173 F. Supp. 3d 1362, 1373 (S.D. Ga. 2016 ) (holding that a claim for inverse condemnation was due to be dismissed where the Plaintiff failed to plead a cause of action under 42 U.S.C. § 1983). Since Plaintiff in the instant case failed to plead a violation under 42 U.S.C. § 1983, its claim for a regulatory taking is due to be dismissed.

20. Beyond the failure to plead a claim pursuant to 42 U.S.C. § 1983, Plaintiff has failed to make factual allegations sufficient to support a claim for inverse condemnation. Count Three of Plaintiff's Amended Complaint alleges a claim for inverse condemnation against the Defendants and alleges that by denying the approval of the plat for Phase 3 of the Development, the Defendants effected a taking of Plaintiff's property. Importantly, Plaintiff does not allege any physical intrusion upon or damage to its property by Defendants. Rather, Plaintiff is alleging a claim of a "regulatory taking" through the assertion that Plaintiff's property has been taken by virtue of the decision by Defendants to deny the plat for Phase 3 of the Development. Amended Complaint at ¶ 62-63.

21. However, in order to successfully state a claim for a regulatory taking, a Plaintiff must affirmatively allege that the actions of the Defendant have deprived the Plaintiff of all "economically beneficial or productive use of his property." Agripost, Inc. v. Miami-Dade County, 195 F. 3d 1225, 1231 (11th Cir. 1999) quoting, Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1015, 112 S. Ct. 2886, 2893, 120 L. Ed. 2d 798 (1992) (internal quotations

omitted).  "In other words, the governmental action must have made the property worthless."

Agripost, Inc., 195 F. 3d at 1231.

22.     In the instant case, the Plaintiff stops well short of alleging that the Defendants'

actions have rendered Plaintiff's property worthless.  Instead, Plaintiff alleges that the "denial of

preliminary approval of the plat for phase three of the Development takes, injures and destroys

North Ridge's property, property value and property rights and will, if approval is not granted by

this Court, continue to take, injure and destroy North Ridge's property, property value and

property rights."  Amended Complaint at ¶62.   Such an allegation that the property rights of

North Ridge have been injured is simply insufficient to maintain an action for inverse

condemnation under a regulatory taking theory.

23.     Indeed, it is difficult to see how Plaintiff could ever allege that its property has

become worthless under the facts of this case.  Plaintiff has alleged that Defendants have acted

improperly in denying approval of the plat of Phase 3 of the Development.   Regardless of

whether the denial was within the authority of the Defendant Planning Commission, it did not

deprive Plaintiff of all value or productive use of its property.  Plaintiff has not been prevented

from ever developing the property in any manner whatsoever; rather, Plaintiff simply cannot

develop the property in accordance with the plat that was submitted to the Defendant Planning

Commission.  At no point has the Planning Commission indicated that it would never approve

any development by the Plaintiff, and Plaintiff has taken no steps (other than the filing of the

instant suit) to revise its plat and resubmit it to the Planning Commission.  While the Plaintiff

may not be able to develop the property in the manner it wishes, this does not render the property

"worthless" as required under established United States Supreme Court and Eleventh Circuit

precedent.

24.     In addition, Plaintiff fails to sufficiently allege facts supporting the other elements necessary to establish a federal regulatory taking claim.  To support such a claim, Plaintiff must allege either that state law provides no process for obtaining just compensation or that the state law appears to provide such process, but due to state court interpretation, the process is inadequate.   Plaintiff's attempt to assert a federal regulatory taking claim against these Defendants fails as a matter of law because Plaintiff does not provide sufficient factual allegations to properly state a claim and further fails to even provide "a formulaic recitation of the elements" of that cause of action.  Twombly 550 U.S. at 555.  These failures to properly state a claim require dismissal of Count III as a matter of law.

## II.     PLAINTIFF'S CLAIM FOR INVERSE CONDEMNATION IS NOT RIPE.

25.     A claim for a regulatory taking under the Fifth Amendment is not ripe for adjudication until the propriety of the allegedly improper regulation or decision is finally decided by a Court.  Agripost, Inc., 195 F. 3d at 1232; citing, Lake Lucerne Civic Ass'n Inc. v. Dolphin Stadium Corp., 878 F. 2d 1360, 1370 (11th Cir. 1989).  A "claim for money damages stemming from a regulatory taking…is not ripe for review on the merits until the Plaintiff demonstrates, first, that a final decision by the relevant authority regarding application of the regulation to the subject property has been made."   Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 193; 105 S. Ct. 3108, 3120; 87 L. Ed. 2d 126 (1985).

26.     In the instant case, while the Defendant Planning Commission decided against the approval of the plat of Phase 3 of the Development, the propriety of that decision is still subject to review by the courts.  Indeed, Plaintiff has availed itself of that avenue of review by filing the instant litigation.  Only after the Court determines whether the actions of the Defendant Planning

9

Commission were proper can there be a ripe claim for a regulatory taking under the Fifth and Fourteenth Amendments to the United States Constitution.

27.     It only makes logical sense that Plaintiff cannot maintain an action for inverse condemnation until after the Court rules on whether the denial of the Development was proper. If the Court rules that the Defendant Planning Commission exceeded its authority in denying the approval of the plat, then at that point the Plaintiff can move forward with the Development and no taking will have occurred.  Moreover, Plaintiff has brought a claim for negligence and is seeking money damages under that negligence claim as a result of the denial; therefore, Plaintiff arguably has an avenue to recover "just compensation" in the event the Court rules in Plaintiff's favor on the denial of the plat[2].  Conversely, if the Court rules that the Defendant Planning Commission acted within its powers to deny approval of the plat, then (and only then) will the federal inverse condemnation claim potentially be ripe.

28.     While Plaintiff attempted in the original Complaint to assert a state law inverse condemnation claim against these Defendants, that claim was dismissed as a matter of law because Alabama does not recognize such a claim.  See, Town of Gurly v. M & N Materials, Inc., 143 So. 3d 1 (Ala. 2012) (reversing verdict in favor of landowner and holding that the "plain meaning of Alabama Constitution § 235 does not make compensable regulatory takings by an entity or person vested with the privilege of taking property for public use.").  Plaintiff has created a hurdle of its own making based on the way it has alleged the various claims against these Defendants in the Amended Complaint.  Although Plaintiff's state law claim for a regulatory taking cannot be maintained under Alabama law, Plaintiff attempts to assert a separate negligence claim seeking damages for these same taking allegations.  Because Plaintiff attempts

---

[2] Defendants do not concede that Plaintiff can maintain a viable negligence claim against them under the facts of this case, but merely point out this claim as an alternative claim for damages asserted by the Plaintiff under state law seeking compensation for the same facts and decisions made the basis of the federal claim.

to assert a state law negligence claim seeking damages in circumvention of its inability to pursue a separate state law regulatory taking claim, and because that negligence claim has not been adjudicated, Plaintiff cannot now pursue its federal regulatory takings claim.

## **CONCLUSION**

29.     Count Three of Plaintiff's Amended Complaint is due to be dismissed for failure to state a claim upon which relief can be granted by this Court. The Plaintiff has failed to properly allege a claim for inverse condemnation by failing to plead such a claim pursuant to 42 U.S.C. § 1983 and by failing to specifically allege facts and legal elements sufficient to support this claim, including that its property has been rendered worthless by the actions of the Defendants, as is required by the Eleventh Circuit's decision in <u>Agripost, Inc. v. Miami-Dade County</u>. Further, as set forth above, it is difficult to envision a situation where the denial of one phase of this proposed development would ever be sufficient to render the property completely worthless.

30.     However, even if the Plaintiff had properly alleged that the Defendants had deprived it of all economically beneficial or productive use of its property, Count Three should still be dismissed as it is not ripe for adjudication.  Plaintiff has not exhausted its state court remedies with respect to the denial of the plat for Phase 3 of the Development, as Plaintiff is now appealing that decision to the Courts.  Only after the Courts have rendered a decision regarding the propriety of the alleged regulation can Plaintiff potentially seek compensation for inverse condemnation pursuant to the Fifth and Fourteenth Amendments to the Constitution.

31.     Based on the foregoing, Defendants City of Saraland and the Saraland Planning Commission move this Court to dismiss Count III of the Amended Complaint as a matter of law.

Respectfully submitted this the 3rd day of November, 2017.

/s/ Thomas O. Gaillard, III_____
THOMAS O. GAILLARD III (GAILT9459)
CHRISTOPHER T. CONTE (CONTC7094)
Attorneys for Defendants

**OF COUNSEL:**
HELMSING, LEACH, HERLONG,
       NEWMAN & ROUSE, P.C.
150 Government Street
Suite 2000
Mobile, Alabama 36602
(251) 432-2251 – Office
(251) 432-0633 – Fax
tog@helmsinglaw.com
ctc@helmsinglaw.com

## CERTIFICATE OF SERVICE

       I hereby certify that I have on this the 3rd day of November, 2017, electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system to the following:

Clay A. Lanham
Jones Walker, LLP
RSA Battle House Tower
11 N Water St., Suite 1200
Mobile, AL 36602
clanham@joneswalker.com

/s/ Thomas O. Gaillard, III_____
OF COUNSEL